UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CARL A. N., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 1:22-CV-00144-REP <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> **(Dkts. 1, 10)** |

Pending is Plaintiff's Petition for Review (Dkt. 1) and an accompanying Brief in Support of Petition to Review (Dkt. 10) appealing the Social Security Administration's final decision finding him not disabled and denying his claim for disability insurance benefits. *See* Pet. for Rev. (Dkt. 1). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

Plaintiff is a man in his fifties who alleges that he is unable to work primarily due to knee pain, Post Traumatic Stress Disorder ("PTSD"), and personality disorder. AR[1] 16; *see also* Pln.'s Br. at 2-4. On August 9, 2018, Plaintiff filed an application for social security disability income ("SSDI") with an alleged onset date ("AOD") of March 14, 2016. AR 14. The claim was denied initially and on reconsideration and Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). *Id.* On October 6, 2021, the claim went to a hearing before

---

[1] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 9)

**MEMORANDUM DECISION AND ORDER - 1**

ALJ Jesse J. Pease.  *Id.*  On October 29, 2021, the ALJ issued a decision that was unfavorable to Plaintiff.  AR 14-24.  Plaintiff appealed this decision to the Appeals Council.  The Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.  AR 1-7.

Having exhausted his administrative remedies, Plaintiff filed this case.  Plaintiff raises five points of error.  He argues that the ALJ (i) breached his duty to develop the record, (ii) failed to provide clear and convincing reasons to disregard his subjective symptom allegations, (iii) erred in evaluating medical opinions relating to Plaintiff's physical impairments, (iv) did not provide a germane reason to discount lay witness testimony, and (v) erred in determining Plaintiff's residual functioning capacity ("RFC").  Pln.'s Br. at 5 (Dkt. 10).

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

**MEMORANDUM DECISION AND ORDER - 2**

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial

**MEMORANDUM DECISION AND ORDER - 3**

work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e).

**MEMORANDUM DECISION AND ORDER - 4**

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## THE ALJ'S FINDINGS

The ALJ found that Plaintiff suffers from the following severe impairments: (i) degenerative joint disease of the right knee with post-traumatic arthritis; (ii) tinnitus; (iii) bilateral hearing loss; (iv) carpal tunnel syndrome; (v) PTSD; and (vi) personality disorder. AR 16.  The ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 17.  The ALJ found that Plaintiff had the RFC to perform medium work,

> except [Plaintff] could occasionally perform postural activities; he could frequently climb stairs and ramps; he could not work around noise that is

**MEMORANDUM DECISION AND ORDER - 5**

classified as loud or above; he could not have exposure to hazardous machinery or unprotected heights (due to hearing loss); he could occasionally climb ladders, ropes, or scaffolds; he could perform frequent use of the bilateral hands; he could have occasional public contact; he could have occasional contact with coworkers; he could not perform assembly line type work; he could adapt to infrequent and gradual workplace changes.

AR 18. The ALJ found that Plaintiff could not perform any past relevant work but could perform other work available in the national economy. AR 22-23. Therefore, the ALJ found Plaintiff was not disabled. AR 24.

## DISCUSSION

I.     The ALJ Failed to Adequately Develop the Record

Plaintiff argues that the ALJ failed to adequately develop the record because he did not inquire into the basis for a Department of Veterans Affairs decision rating him 100% disabled (the "VA disability rating"). Pln.'s Br. at 7-8. Defendant counters, stating that the ALJ's duty to develop the record was not triggered because Plaintiff has not shown that any evidence supporting his VA disability rating exists. Resp. Br. at 8-9.

There is no question that an ALJ has a duty to develop the record. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). This duty is triggered when the evidence is ambiguous or the "record is inadequate to allow for proper evaluation of the evidence." *Id.* (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). While not outcome determinative for purposes of SSDI, a VA disability rating must be given "great weight." *McCartey v. Massanari*, 298 F.3d 1072, 1075-76 (9th Cir. 2002). An ALJ's duty to develop the record may be triggered where the evidence is insufficient to allow proper evaluation of a claimant's VA disability rating. *See Zawatski v. Colvin*, No. CV 11-736-TUC-CRP, 2013 WL 5434581, at *7-8 (D. Ariz. Sept. 27, 2013); *Lage v. Colvin*, Case No. 2:15-cv-01790-KLS, 2016 WL 4136978, at *5 (W.D. Wash.

**MEMORANDUM DECISION AND ORDER - 6**

Aug. 4, 2016) (when the record is not adequate to allow for a proper evaluation of a VA Rating, the ALJ has a "duty of inquiry").

For instance, in *Zawatski*, an ALJ erred in failing to adequately develop the record before rejecting evidence of a claimant's VA disability rating. *Id.* Although the ALJ was aware of the VA disability rating, he did not inquire "as to the basis for that decision, . . . the precise time period addressed by that decision, or any specific rating assigned to Plaintiff during the relevant time period." *Id.* at *8. Failure to do so, especially considering the plaintiff was unrepresented, was erroneous. *Id.* Moreover, the court emphasized that the missing VA records could contain information rebutting the ALJ's conclusions, such as explaining the claimant's medical history during a specific time period where records were lacking. *Id.*

Here, as in *Zawatski*, the ALJ was aware of Plaintiff's VA disability rating, but little else pertaining to it. *See* AR 21, 164-65. The VA decision finding Plaintiff disabled is not in the record. The only admitted evidence relating to Plaintiff's VA disability rating is a summary of benefits letter that confirms he had been rated 80% disabled but was being paid at the 100% rate because he was "unemployable due to [his] service-connected disabilities." AR 164-65. The letter contains no explanation for the basis of the VA disability rating, why the VA considered Plaintiff unemployable, or from which disabilities the VA determined that Plaintiff suffered. *See id.* The record was plainly inadequate to allow for a proper evaluation of the Plaintiff's VA disability rating. The error was particularly glaring because Plaintiff was unrepresented.

Further, the ALJ heavily relied on the absence of attempts by Plaintiff to obtain treatment for his physical impairments. *See* AR 21. Evidence relating to Plaintiff's VA disability rating would certainly be relevant on this point, as it could show Plaintiff attempted to obtain treatment for his physical impairments, or that the VA considered those impairments disabling. This is not

**MEMORANDUM DECISION AND ORDER - 7**

to say that further development of the basis for Plaintiff's VA disability rating *would* show such evidence.  In fact, further development may only strengthen the ALJ's findings, if the records show that Plaintiff did not obtain treatment for his physical impairments after the AOD, or that the VA did not consider those impairments in its disability determination.  Regardless, the Court's conclusion is the same: the record was inadequate to properly evaluate the evidence and further development is required.

Consequently, the ALJ – pursuant to his duty to develop the record – should have further inquired as to the basis of Plaintiff's VA disability rating and erred in failing to do so.  Such ratings are not treated lightly.  They should not be casually discounted on a limited record without inquiring as to the basis for the disability rating.  This is especially true where, as here, the Plaintiff is unrepresented and the ALJ relies on the absence of treatment records in finding a claimant not disabled.  *See Quiambao v. Berryhill*, Case No. 17-cv-02305-BAS-RBB, 2018 WL 3584462, at *13 (S.D. Cal. July 26, 2018) (concluding that an ALJ improperly rejected a VA disability rating when the record did not "include Plaintiff's official VA rating decision records issued by a VA regional office" which would include "the VA's decision, reasons for decision, and evidence that supports its decision"); *see also McLeod*, 640 F.3d at 888 ("Because we give VA disability determinations great weight, failure to assist McLeod in developing the record by getting his disability determination into the record is reasonably likely to have been prejudicial.").

II. The ALJ Did Not Properly Reject Treating Physician Opinion Evidence

    a. *Dr. Rubio's Medical Opinion*

Plaintiff submitted records from a 2019 orthopedic examination with Dr. Rubio.  AR 417-31.  Dr. Rubio noted that Plaintiff had a four-year history of right knee pain but could "still walk around."  AR 426.  Further, Plaintiff's right knee pain had increased in severity in the

**MEMORANDUM DECISION AND ORDER - 8**

preceding year, with a corresponding limitation on his activity. *Id.* With respect to Plaintiff's lower extremities, Dr. Rubio's examination revealed right "knee pain on terminal flexion" and bilateral patellar grind. AR 427. He also reported that Plaintiff had an antalgic gait, could not walk on his toes, could not hop on his right leg, and experienced right knee pain squatting, arising from squatting, and getting up from a chair. AR 428. However, Plaintiff's muscle strength remained at "5/5" in his upper and lower extremities. *Id.* Ultimately, Dr. Rubio opined that Plaintiff had "difficulty on prolonged walking, sitting to standing, driving and stair climbing/descent due to (R) knee pain" and diagnosed Plaintiff with "[p]ost traumatic [a]rthritis" of the right knee. AR 429.

      b.    *The ALJ's Rejection of Dr. Rubio's Opinion is Not Supported by Substantial Evidence*

An ALJ need not assign special deference to the opinion of a treating physician, but must "articulate . . . how persuasive" he finds "all of the medical opinions" from each doctor or medical source. 20 C.F.R. § 404-1520c(b). The most important factors used in evaluating medical opinions are supportability and consistency. 20 C.F.R. § 404-1520c(b)(2). The factor of supportability looks to the bases for a medical opinion, evaluating persuasiveness as a function of the relevancy of "the objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)." 20 C.F.R. § 416.920c(c)(1). The factor of consistency, on the other hand, measures persuasiveness in terms of the medical opinion's congruence "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2). "An ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

**MEMORANDUM DECISION AND ORDER - 9**

Here, the ALJ rejected Dr. Rubio's medical opinion in a terse paragraph that cannot be fairly said to be supported by substantial evidence. The ALJ rejected Dr. Rubio's opinion that Plaintiff "would have difficulty with prolonged walking, sitting to standing, driving, and stair climbing and descending" in a single sentence, reasoning that Plaintiff exhibited "5/5 strength throughout" and demonstrated pain only on right knee flexion. AR 21. "A reviewing court may draw specific and legitimate inferences from an ALJ's decision, but a court cannot speculate on the ALJ's reasoning or make 'post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.'" *Cook v. Comm'r of Soc. Sec.*, No. CV-21-01027-PHX-ESW, 2022 WL 17249102, at *9 (D. Ariz. Nov. 28, 2022) (quoting *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The ALJ offered no rationale as to why an objective finding of 5/5 strength in Plaintiff's lower extremities renders unsupported the conclusion that Plaintiff's right knee pain limited his activities. Without any reasoning to explain why a finding of normal lower limb strength is mutually exclusive with a finding of right knee pain, the Court is left to speculate, which it will not do.

Furthermore, the ALJ's characterization that Dr. Rubio's examination "only" showed right knee pain upon flexion testing is inaccurate. To be sure, the examination showed that Plaintiff experienced right knee pain upon terminal flexion, AR 430, but it also showed right knee pain while hopping, squatting, arising from a squat, and getting out of a chair. AR 428. Nor did the ALJ consider x-ray results from Dr. Rubio's exam indicating degenerative osseous changes in Plaintiff's right knee, or Dr. Rubio's recommendation that Plaintiff would eventually require a total replacement of his right knee. AR 424, 429. On the whole, the ALJ's rejection of Dr. Rubio's opinion is not supported by substantial evidence because the ALJ provided no basis on which to conclude that a single finding of 5/5 limb strength undermined the rest of the

**MEMORANDUM DECISION AND ORDER - 10**

objective medical evidence relating to Plaintiff's right knee pain and corresponding limitation on activity.[2]

III.     Plaintiff's Symptom Testimony, Lay Witness Testimony, and the ALJ's RFC Finding

Because the ALJ has the discretion to enter new findings regarding Plaintiff's credibility, lay witness evidence, and Plaintiff's RFC on remand, the Court does not address Plaintiff's challenge to these portions of the ALJ's decision.

IV.     The Remedy

When an ALJ's denial of benefits is not supported by the record, district courts possess discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of benefits.  *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014).  The proper course turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings and when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Id.* at 1100.  In most cases, however, remand for additional investigation or explanation is preferred.  *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).  Such remands allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, it remains uncertain whether the ALJ would be required to award Plaintiff benefits if the errors in failing to develop the record and the ALJ's treatment of Dr. Rubio's opinions are corrected.  First, it is unknown what additional evidence may materialize, and whether that evidence will undermine any of the ALJ's findings with respect to Plaintiff's

---

[2] Plaintiff also argues that the ALJ improperly rejected Dr. Rubio's medical opinion based on gaps in Plaintiff's treatment history.  Pln.'s Br. at 16.  Yet, an inconsistent treatment history, when not attributable to a mental impairment, is a legitimate factor for an ALJ to consider.  *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012). That said, on remand, further development of the record relating to Plaintiff's VA Rating may cast more light on Plaintiff's treatment for his physical impairments and change ALJ's analysis.

**MEMORANDUM DECISION AND ORDER - 11**

testimony, the lay witness statement, Dr. Rubio's opinion, or Plaintiff's RFC.  Second, the ALJ's rejection of Dr. Rubio's opinion, while inadequately explained, is not clearly wrong or unreasonable.  The Court will, therefore, reverse and remand for further proceedings under the ordinary remand rule.  On remand, the ALJ is directed to develop the record relating to Plaintiff's VA disability rating and reevaluate his findings in light of that new evidence and consistent with this disposition.

DATED: February 03, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**